# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES E. BURROWS,

        Petitioner,

v.                      CASE NO. 2:17-cv-13787
                        HON. TERRENCE G. BERG

J.A. TERRIS,

        Respondent,
_____/

## OPINION AND ORDER GRANTING
## WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Charles E. Burrows, a prisoner at the Federal Correctional Institution in Milan, Michigan petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his Application, filed both *pro se* and through attorney Benton C. Martin of the Federal Defender Office, petitioner challenges his conviction and sentence in the United States District Court for the Central District of Illinois for felon in possession of a firearm and manufacturing methamphetamine and his resultant sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. §§ 922(g)(1) and 924(e) and as a career offender under USSG § 4B1.4 of the federal sentencing guidelines.

For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is **GRANTED**.

## I. BACKGROUND

Petitioner pleaded guilty in the United States District Court for the Central District of Illinois to two counts in an indictment: (1) count one of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and (2) attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 841. The probation officer determined that petitioner was an Armed Career Criminal based on three prior Illinois burglary convictions, which raised his sentencing guidelines range as a career offender under USSG § 4B1.4 from a range of 110-137 months to a range of 188-235 months. It also subjected petitioner to a mandatory minimum fifteen-year sentence on the felon in possession conviction. On March 4, 2004, petitioner was sentenced to concurrent sentences of 188 months on the felon in possession of a firearm and the methamphetamine convictions.

On June 23, 2016, petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with the United States District Court for the Central District of Illinois. *See Burrows v. United States,* No. 16-

2190 (C.D. Ill.). Petitioner argued that his three prior Illinois burglaries no longer qualified as violent felonies, within the purview of the Armed Career Criminal enhancement, in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government filed a response arguing that petitioner's motion to vacate sentence was untimely under the statute of limitations because it was actually based on *Mathis v. United States*, *infra*. Petitioner's attorney on his motion to vacate sentence conceded that petitioner's challenge to his prior burglary convictions was based on *Mathis* and was thus untimely. Petitioner's attorney indicated that he suggested to petitioner that his only remedy would be in filing a § 2241 petition for writ of habeas corpus in the district where he was incarcerated. Petitioner's § 2255 motion to vacate sentence nonetheless remains pending before the judge in the Central District of Illinois.[1]

Petitioner filed two petitions for writ of habeas corpus in this district. The Federal Defender Office was appointed to represent petitioner in the second case. The second petition was dismissed as

---

[1] The Court obtained this information from the PACER system, of which this Court may take judicial notice. *See Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

duplicative of this case, *see* E.D. Mich. Case No.17-14120, and counsel re-filed his supplemental brief in support of the petition in this case.

Petitioner raises the following claim:

> Petitioner Burrows argues firmly that he is actually innocent of being an Armed Career Criminal in light of *Mathis [v. United States]* thus his 188-month sentence should be vacated and Charles E. Burrows is entitled to be DISCHARGED from federal custody in the matter herein.

## II. Discussion

Petitioner seeks habeas relief from the Armed Career Criminal sentencing enhancement that he received on his sentence. Petitioner claims that the Illinois burglary statute that he was convicted of and used to enhance his sentence under the Armed Career Criminal Act (ACCA) and USSG § 4B1.4 of the federal sentencing guidelines is broader than the generic definition of burglary. Petitioner bases his claim on the recent Supreme Court decision of *Mathis v. United States,* 136 S. Ct. 2243 (2016). Petitioner also points to the recent Seventh Circuit case of *United States v. Haney,* 840 F. 3d 472 (7th Cir. 2016), in which the Seventh Circuit held that the Illinois burglary statute that petitioner was convicted under was broader than the generic burglary

4

statute contained in the Armed Career Criminal Act and thus could not be used as a sentence enhancement.

A federal prisoner may challenge his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it the post-conviction remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F. 3d 303, 307 (6th Cir. 2012).

The Sixth Circuit formerly held that a federal prisoner could not raise a challenge to his or her sentence under 28 U.S.C. § 2241. *See Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011); *see also United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001).

Recently, however, the Sixth Circuit modified this rule. In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that a federal prisoner may obtain habeas relief under § 2241 based on "a misapplied sentence," if the petitioner establishes "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Id.* at 595. Challenges

to a sentencing enhancement as a career offender can be brought under § 2241 through the § 2255(e) savings clause by: "(1) prisoners who were sentenced under the mandatory guidelines regime *pre-United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.,* at 599-600.

Petitioner satisfied the first pre-requisite under *Hill* to challenge his sentence enhancement in a § 2241 petition because *Mathis* is a case which involves statutory interpretation. See *Muir v. Quintana*, No. 17-6050, 2018 WL 4276133, at * 2 (6th Cir. Apr. 26, 2018); *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548, at * 2 (6th Cir. July 12, 2017); *See also Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). Petitioner also satisfied the pre-requisite under *Hill* to challenge his sentence enhancement in a § 2241 petition because petitioner was sentenced under the mandatory guidelines provisions that existed prior to *Booker*.

Petitioner also appears to be able to satisfy the second prong of the *Hill* test. Although the judge in the United States District Court for the Central District of Illinois has yet to rule on his § 2255 motion to vacate sentence, petitioner's attorney in that case has already conceded that petitioner could not challenge his sentence by means of a § 2255 motion to vacate sentence. In fact, Petitioner's attorney in the Central District of Illinois filed a motion to dismiss the § 2255 motion to vacate sentence on September 17, 2018. See *Burrows v. United States,* No. 2:16-cv-02190-SLD, Dkt. 9. The motion does not appear to have been opposed by the United States Attorney in that district. Petitioner's motion to vacate sentence before the judge who sentenced him is no longer viable. Petitioner's remedy under Section 2255 is therefore inadequate or ineffective, which means that he may obtain § 2241 relief on his claim. *Cf. Blanton v. Wrigley*, 168 F. App'x. 238 (9th Cir. 2006); *Foster v. Zych*, No. CIV. 2:09-CV-13661, 2009 WL 3631013, at * 5 (E.D. Mich. Oct. 30, 2009).

Third, petitioner's claim comes within the purview of § 2255(e) savings clause, because *Mathis* is retroactive to his case.

Respondent argues that *Mathis* cannot be applied retroactively to petitioner's case. Respondent points to the case of *See In re Conzelmann*, 872 F.3d 375 (6th Cir. 2017), in which the Sixth Circuit held that a federal prisoner was not entitled to file a successive motion to vacate sentence under 28 U.S.C. § 2255 based on *Mathis* because the case did not involve a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Id.* at 377.

Petitioner acknowledges the Sixth Circuit's holding in *Conzelmann* but argues that there is a difference between the retroactivity analysis for determining whether to grant a federal prisoner permission to file a second or successive motion to vacate sentence under § 2255(h) and the retroactivity analysis used to determine whether a habeas petitioner can seek habeas relief under 28 U.S.C. § 2241. This Court agrees.

In *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548, at * 2 (6th Cir. July 12, 2017), the Sixth Circuit held that that a habeas petitioner could raise a *Mathis* claim in a 2241 petition because *Mathis* involved a case of statutory interpretation that should be applied retroactively to

8

cases on collateral review and which could not have been raised in the habeas petitioner's earlier § 2255 motion to vacate sentence because *Mathis* was not available when the petitioner filed his previous § 2255 motion to vacate sentence. *Id*.

The Sixth Circuit again recently held that *Mathis* should be applied retroactively to habeas petitions filed under § 2241. See *Muir v. Quintana*, No. 17-6050, 2018 WL 4276133, at *2 (6th Cir. Apr. 26, 2018).

Buttressing this Court's determination that there is a difference between the retroactivity analysis for determining whether to grant a federal prisoner permission to file a second or successive motion to vacate sentence under § 2255(h) and the retroactivity analysis used to determine whether a habeas petitioner can seek habeas relief under § 2241 is the fact that Judges Gibbons and Sutton, who were two of the three judges in the *Conzelmann* case, had previously sat on the panel in *Sutton*. Judge Sutton was also one of the judges who sat on the panel in *Muir,* which was decided subsequent to *Conzelmann*. The fact that these same two judges ruled in *Sutton* that *Mathis* applies retroactively to §2241 petitions even though they subsequently ruled in *Conzelmann*

that *Mathis* could not be applied retroactively to permit a defendant to file a second motion to vacate sentence under § 2255(h) strongly suggests that there is a difference in the retroactively analysis between a § 2241 petition and whether to permit a successive § 2255 motion to vacate sentence to be filed. This conclusion is reinforced by the fact that Judge Sutton in the aftermath of *Conzelmann* agreed in *Muir* that *Mathis* should be applied retroactively to §2241 habeas petitions.

I acknowledge that several judges in this district have concluded that *Mathis* does not announce a new rule or apply retroactively so as to permit a federal prisoner to obtain relief from his or her sentence via a 2241 habeas petition. *See, e.g., Humpherys v. Terris*, No. 17-CV-13641, 2018 WL 534462, at * 3 (E.D. Mich. Jan. 24, 2018); *Gabe v. Terris*, No. 2:17-CV-11385, 2017 WL 5903445, at * 3 (E.D. Mich. Nov. 30, 2017); *King v. Terris*, No. 2:17-CV-10611, 2017 WL 3263446, at * 3 (E.D. Mich. July 31, 2017); *Thompson v. Terris*, No. 2:17-CV-10048, 2017 WL 2832560, at *5 (E.D. Mich. June 30, 2017). But the rationale in these cases appear to have been undercut by the Sixth Circuit's holdings in *Sutton* and *Muir*.

Additionally, at least three judges in the United States District Court for the Central District of Illinois, where petitioner was convicted, have granted habeas relief under § 2241 in cases in which habeas petitioners used the Seventh Circuit case of *United States v. Haney, supra,* to argue that their prior burglary convictions (arising under the same Illinois statute as petitioner's) were broader than the ACCA's generic definition of burglary. *Burton v. Krueger,* No. 16-CV-1341, 2017 WL 4518601, at \*3 (C.D. Ill. Oct. 10, 2017)*; El v. Acting Warden of FCI Pekin*, No. 17-CV-1163, 2017 WL 3929309, \* 4-6 (C.D. Ill. Sept. 7, 2017); *Box v. Krueger*, No. 1:16-CV-1299-JBM, 2016 WL 6651282, at \* 2 (C.D. Ill. Nov. 10, 2016). In two of those cases, the United States Attorney explicitly waived any argument regarding whether *Mathis* applies retroactively on collateral review, *Burton v. Krueger*, 2017 WL 4518601, at \* 2; *Box v. Krueger*, 2016 WL 6651282, at \* 2, and in the third case the Government did "not contest whether these cases apply retroactively on collateral review." *El v. Acting Warden of FCI Pekin*, 2017 WL 3929309, at \* 4. While this would not prevent the United States Attorney's Office for the Eastern District of Michigan from raising a retroactivity argument*, see, e.g., United States v. Owens*, 54

F.3d 271, 275 (6th Cir. 1995) (noting the limited application of judicial estoppel against the government, finding that it should apply only where it "appears to be a knowing assault upon the integrity of the judicial system."), the fact that the United States Attorney for the Central District of Illinois did not challenge the retroactivity of *Mathis* on habeas review in these cases further supports this Court's conclusion that *Mathis* should be applied retroactively in petitioner's case.

In addition, petitioner has shown that his remedy under 28 U.S.C. § 2255 is inadequate because petitioner could not have brought his *Mathis/Haney* claim in a timely filed § 2255 motion to vacate sentence. Under § 2255(f)(1), petitioner had one year from his sentence to file a timely filed motion to vacate sentence, which would have been no later than March 4, 2005. Both *Mathis* and *Haney* were not available until 2016, long after the one-year limitations period expired. Moreover, these cases involved statutory interpretations that did not announce a new rule of law that would extend the commencement of the one-year limitations period pursuant to 28 U.S.C. § 2255(f)(3). Under these circumstances, petitioner has shown that his remedy under § 2255 is inadequate or ineffective, so as to permit him to bring a habeas

challenge under § 2241. *Burton v. Krueger,* 2017 WL 4518601, at * 2; *El v. Acting Warden of FCI Pekin*, 2017 WL 3929309, at *4; *see also Sutton,* 2017 WL 4677548, at * 1-2 (petitioner's remedy under 2255 to challenge his Armed Career Criminal Enhancement was inadequate because neither *Mathis,* nor the Eighth Circuit case of *United States v. Bess,* 655 Fed. App'x. 518 (8th Cir. 2016), which held that the petitioner's second-degree burglary conviction no longer qualified as a predicate offense under the ACCA, were available when the petitioner filed his motion to vacate sentence).

Finally, this Court concludes that petitioner has established "that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill,* 836 F. 3d at 595.

"Generic" burglary, for purposes of the ACCA, requires "an unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime." *Mathis*, 136 S. Ct. at 2248 (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). Because many state burglary statutes include entry into places that are not "buildings or other structures," a federal court must employ a categorical approach to

determine if a state burglary statute contains these elements, focusing solely on the elements of the offense and ignoring the underlying facts of each particular case. *Id.*[2]

In *Mathis*, the Supreme Court explained that if the enumerated locations in a burglary statute are alternative elements, which each create a separate criminal offense, the statute is divisible and the modified categorical approach can be used to determine "which element[s] played a part in the defendant's conviction." *Mathis*, 136 S. Ct. at 2253. If those elements are the same as generic burglary the prior burglary conviction can be used as a predicate offense under the ACCA predicate. On the other hand, if the different locations are simply different means of satisfying a single locational element, i.e., different ways to commit the single locational element, the statute is not divisible, the modified categorical approach cannot be used, and the state burglary statute is overbroad and is not considered generic burglary, at least for purposes of the ACCA. *Id.*

---

[2] The Sixth Circuit has employed this same definition for determining whether a prior burglary conviction qualifies as a generic burglary to enhance a defendant's sentence as a career offender under the federal sentencing guidelines. See e.g. *United States v. McFalls*, 592 F.3d 707, 714 (6th Cir. 2010).

14

Petitioner previously pleaded guilty to burglary in violation of 38 Illinois Revised Statutes Section 19-1, now codified at 720 ILCS 5/19-1(a). *See* Petitioner's Exhibit A. At the time of petitioner's first burglary conviction in 1980, Illinois's burglary statute stated, "A person commits burglary when without authority he knowingly enters or without authority remains within a building, *housetrailer, watercraft, aircraft, motor vehicle* as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft." *See* Petitioner's Exhibit B, p.5 (emphasis added). By the time of petitioner's second and third convictions for burglary in 1989, the language of the statute had been amended slightly to add that the statute does not apply to "the offense of residential burglary as defined in Section 19-3 hereof." *Id.* at 2.

In *United States v. Haney*, the Seventh Circuit found that the Illinois burglary statute that was in effect at the time of petitioner's prior burglary convictions applied to areas other than buildings or structures (i.e., watercraft, aircraft, motor vehicles and railroad cars) and those locations represented "multiple means of fulfilling [the statute's] locational element." *Id.* 840 F.3d at 475. The Seventh Circuit

15

concluded that this burglary statute was broader than the generic definition of burglary and thus could not be used as a predicate offense under the ACCA. *Id.* at 475-76.

Because the Illinois burglary statute at the time of Petitioner's convictions was broader than the generic definition of burglary, petitioner's prior burglary convictions do not qualify as a predicate offense for the ACCA. *Haney,* 840 F. 3d at 475-76.  Petitioner's designation as a career offender based on these prior burglary convictions also increased his sentencing guidelines range from 110-137 months to 188-235 months.  Without these prior burglary convictions, petitioner's maximum sentence under the guidelines would be no greater than 137 months.  Petitioner would also no longer be subjected to the mandatory minimum fifteen-year prison sentence under the felon in possession statute.

Accordingly, this Court concludes that petitioner is entitled to habeas relief, vacates his sentence, and orders that petitioner be transferred to the United States District Court for the Central District of Illinois for resentencing without the career offender enhancement. See *Box v. Krueger,* 2016 WL 6651282, at * 3 (C.D. Ill. Nov. 10, 2016).

## III. ORDER

**IT IS HEREBY ORDERED** that:

(1) The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **GRANTED.**

(2) Petitioner's armed career criminal enhanced sentence imposed by the Central District of Illinois in No. 03–cr–20011–1 is **VACATED**;

(3) Respondent **SHALL** deliver Petitioner to Central District of Illinois for resentencing.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: November 26, 2018

## Certificate of Service

I hereby certify that this Order was electronically submitted on November 26, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager